# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| OSVALDO RAMON BURGOS, <br> Appellant, | DOCKET NUMBER <br> DC-0752-20-0067-I-1 |
| v. | |
| DEPARTMENT OF HOMELAND <br> SECURITY, <br> Agency. | DATE: July 25, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Osvaldo Ramon Burgos, Arlington, Virginia, pro se.

Teresa A. Gonsalves, Esquire, Camp Springs, Maryland, for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which affirmed his removal. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

The appellant was employed as a GS-09 Management and Program Analyst in the Office of Performance Quality (OPQ) of the U.S. Citizenship and Immigration Services (USCIS) in Washington, D.C. Initial Appeal File (IAF), Tab 4 at 42. The agency proposed the appellant's removal based on the charge of improper conduct. *Id.* at 62-66. Under its sole specification, the agency stated that the appellant telephoned the Federal Bureau of Investigation (FBI) National Threat Operations Center, and made the following statements concerning the OPQ Chief: (1) "If I wanna knock [him] out, I should be able to get away with it," (2) "I'm gonna cripple his white old ass is what I'm gonna do," and (3) "Somebody needs to do something or else I'm gonna take action myself. And I feel like I have to hurt this guy." *Id.* at 62. The agency noted that, in addition to making "statements of workplace violence in reference to [the OPQ Chief]," the appellant accused the OPQ Chief, his former supervisor, and his then-supervisor of preventing his career advancement. *Id.* at 62-63. After considering the appellant's oral and written replies, the agency removed him from his position, effective May 29, 2019. *Id.* at 43-48.

Thereafter, the appellant filed an appeal with the Board, alleging that the agency wrongfully terminated him based on "[disparate] treatment and race." IAF, Tab 1 at 5. He also alleged that the agency retaliated against him for filing 16 complaints and withheld his promotion, gave him performance appraisals with false information, bullied and sabotaged him, and subjected him to a toxic work environment. *Id.* The administrative judge ordered the appellant to identify the affirmative defenses he was raising in this appeal. IAF, Tab 6. The appellant responded that he was pursuing claims of misuse of official position, whistleblower retaliation, harmful error, and prohibited personnel practices (which he described as race discrimination, disparate treatment, favoritism, and harassment). IAF, Tab 8 at 4-6. Under a category that he labeled as fraud, the appellant indicated that he made complaints to the Office of Special Counsel, Inspector General, Office of Equal Employment Opportunity, Office of Special Investigations, a Congressman, and the FBI, but none of his complaints were "approved." *Id.* at 5.

The parties proceeded to engage in a lengthy discovery dispute. Without providing any detail or explanation, the appellant objected to the agency's discovery requests, which included requests for admissions, interrogatories, and documents regarding the charged conduct, his allegations relating to the appeal, the witnesses he intended to call and their expected testimony, any communications relating to the appeal, and his claims for relief. IAF, Tab 9 at 27-33. The agency filed a motion to compel, stating that the information it sought was clearly relevant to the appeal and discoverable under the Board's regulations, that it had made "diligent and concerted good faith efforts to obtain discovery responses from the [a]ppellant," and that the appellant's response were "wholly inadequate because of the vague nature of [the] responses and [the appellant's] failure to provide any information or documents." *Id.* at 5-6. In the same motion, the agency moved for imposition of sanctions. *Id.* at 6-7. The appellant responded with a second set of objections, asserting that he had already

provided some of the requested information as part of the agency investigation, that some of the information the agency sought was privileged or protected by privacy concerns, and that he did not possess some of the information or did not know the witnesses he was going to call. IAF, Tab 12 at 4-10. The agency filed a supplement to its motion to compel, stating that, although the appellant responded to some of its discovery requests, he did not respond to the vast majority of its requests, including its requests for documents and admissions, and that the appellant's deposition testimony contravened his assertion that he did not have any relevant documents. IAF, Tab 13 at 4-5. The administrative judge granted the agency's motion to compel discovery, ordered the appellant to provide substantive responses to the agency's discovery requests, and warned the appellant that failure to substantially comply with the order would result in the imposition of sanctions pursuant to 5 C.F.R. § 1201.43, to include the dismissal of his affirmative defenses. IAF, Tab 14 at 2.

Thereafter, the appellant filed a motion for the administrative judge to reconsider her order granting the agency's motion to compel.[2] IAF Tab 16 at 4. The appellant also asserted that he had previously provided sufficient responses to the agency's discovery requests and he provided what were apparently his most recent responses to the agency's requests. *Id.* at 4-10. The agency responded that the appellant's motion to reconsider should be denied, that the appellant's most recent responses failed to "cure the many deficiencies identified in the [a]gency's Motion to Compel and supporting submissions," and that the administrative judge should impose sanctions because of the appellant's "repeated and knowing refusal to comply with his discovery obligations." IAF, Tab 19 at 4. Specifically, the agency argued that the appellant failed to provide, among other things, most of the documents he identified in his deposition and his other submissions, including

---

[2] The appellant also filed a motion to compel, asserting that the agency had not answered his interrogatories. IAF, Tab 15 at 4. The administrative judge denied this motion. IAF, Tab 20. The appellant has not challenged the administrative judge's ruling, and we discern no reason to disturb it.

evidence purportedly showing that he was treated unfairly by the agency, a text message allegedly showing that his call to the FBI was not a threat, and copies of the numerous complaints he had filed with various entities. *Id.* at 5. The agency also argued that the appellant failed to identify, by name, the individuals with knowledge of his affirmative defenses and continued to represent that he did not know the witnesses he would call, despite prehearing submissions being imminently due. *Id.* at 6, 9, 11-12. The agency concluded that, just prior to the hearing, because of the appellant's failure to properly engage in discovery, it had "little to no knowledge of the nature of [a]ppellant's affirmative defenses, how they relate to the removal appeal, and what evidence or witness testimony, if any, [the] [a]ppellant has to support them." *Id.* at 6.

After reviewing the record, the administrative judge found that the appellant had "failed to substantially comply" with the agency's discovery requests as she had previously ordered and she granted the agency's motion for sanctions. IAF, Tab 21. The administrative judge struck the appellant's affirmative defenses and stated that she would not "adjudicate any of the appellant's claimed affirmative defenses in this matter." *Id.*

Following a hearing, the administrative judge issued an initial decision that affirmed the appellant's removal. IAF, Tab 49, Initial Decision (ID), Hearing Transcript (HT). In analyzing the charge, the administrative judge credited the testimony of an investigator who testified that during an interview the appellant admitted making the statements to the FBI call center attributed to him and that he believed that the appellant could carry out his threats, especially considering that he had access to the OPQ Chief and it was his second time contacting the FBI hotline. ID at 6-8; HT at 53-54, 57. The administrative judge observed that an appellant's admission can suffice to establish the charge without additional proof from the agency and that the appellant elected not to testify on his own behalf. ID at 8. Based on these findings and the other evidence in the record, the administrative judge sustained the charge of improper conduct. *Id.* The

administrative judge stated that she had not accepted any evidence or adjudicated the appellant's affirmative defenses because she had granted the agency's motion to sanction the appellant by striking such claims. ID at 9. Finally, the administrative judge found that the agency proved nexus and the reasonableness of the penalty. ID at 9-15.

The appellant has filed a petition for review of the initial decision. Petition for Review (PFR) File, Tab 1. The agency has filed a response, PFR File, Tab 3, to which the appellant has untimely replied,[3] PFR File, Tab 4.

## DISCUSSION OF ARGUMENTS ON REVIEW

The administrative judge correctly found that the agency proved the charged misconduct, the presence of a nexus, and that the penalty of removal was reasonable.

A charge of "improper conduct" has no specific elements of proof; rather, it is established by showing that the employee committed the acts alleged in support of the label used by the agency in the charge. *Alvarado v. Department of the Air Force*, 103 M.S.P.R. 1, ¶ 22 (2006), *aff'd*, 626 F. Supp. 2d 1140 (D.N.M. 2009), *aff'd*, 490 F. App'x 932 (10th Cir. 2012). Based on the testimony of the agency witnesses, the documentary evidence, and the appellant's admission, the administrative judge sustained the charge of improper conduct. ID at 4-8; IAF, Tab 4 at 74-75, 104, 106, 114-116, 119. The appellant does not challenge this finding on review and we discern no reason to disturb it. *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997) (finding no reason to disturb the administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions on issues of

---

[3] The Clerk of the Board informed the appellant that he could file a reply to the agency's response to the petition for review within 10 days after the date of service of the response. PFR File, Tab 2. The appellant's reply to the agency's response was untimely filed by over 2 weeks and the appellant has offered no explanation for the filing delay. PFR File, Tab 4. Nonetheless, we consider his reply, which appears to largely reiterate the allegations in his petition for review.

credibility); *Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987) (same).

In addition to proving its charge by preponderant evidence, the agency must establish the existence of a nexus between the charged misconduct and the efficiency of the service. *See* 5 U.S.C. § 7513(a); *Campbell v. Department of the Army*, 123 M.S.P.R. 674, ¶ 24 (2016). The administrative judge determined that there was a direct relationship between the charged misconduct and the efficiency of the service. ID at 9; *see Brown v. Department of the Navy*, 229 F.3d 1356, 1360-61 (Fed. Cir. 2000) (finding nexus on the basis of off-duty misconduct that adversely affected the agency's mission); *Beasley v. Department of Defense*, 52 M.S.P.R. 272, 273, 275 (1992) (finding nexus on the basis of off-duty misconduct that caused apprehension among agency management for the safety of other agency employees). Therefore, the administrative judge found, and we agree, that the agency satisfied the nexus requirement. ID at 9.

Finally, the agency must demonstrate that the penalty imposed was within the bounds of reasonableness and that it considered the relevant factors. *Campbell*, 123 M.S.P.R. 674, ¶ 25; *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-07 (1981). In making this determination, the Board must give due weight to the agency's primary role in maintaining employee discipline and efficiency and must not displace management's responsibility, but must ensure that managerial judgment has been properly exercised. *Campbell*, 123 M.S.P.R. 674, ¶ 25. Here, the administrative judge found that the deciding official properly considered the relevant *Douglas* factors, such as the seriousness and the notoriety of the appellant's offense, his prior discipline, the consistency of the penalty with those imposed upon other employees for the same or similar offenses and with the agency's table of penalties, management's lack of confidence in his ability to perform the duties of his position, and the mitigating circumstances in this case. ID at 10-15; IAF, Tab 4 at 43-45. The deciding official also stated he believed that an alternate sanction was not appropriate

under the circumstances here. IAF, Tab 4 at 45. We discern no reason to disturb the administrative judge's finding that removal was a reasonable penalty. ID at 15.

<u>The administrative judge did not abuse her discretion in striking the appellant's affirmative defenses.</u>

In his petition for review, the appellant asserts that the administrative judge was unfair, extremely biased, and favored the agency. PFR File, Tab 1 at 5. Among other things, he asserts that, even though he was diligently trying to comply with the agency's discovery requests, the administrative judge struck his affirmative defenses.[4] *Id.*

Administrative judges have broad discretion to regulate the proceedings before them, including the authority to rule on discovery motions and to impose sanctions as necessary to serve the ends of justice. *Defense Intelligence Agency v. Department of Defense*, 122 M.S.P.R. 444, ¶ 16 (2015); *Roth v. Department of Transportation*, 54 M.S.P.R. 172, 175-76 (1992); *see* 5 C.F.R. § 1201.43 (discussing the circumstances under which an administrative judge may impose sanctions, including failure to comply with an order). Imposition of sanctions is a matter within the administrative judge's sound discretion and, absent a showing that such discretion has been abused, the Board will not find that the decision constitutes reversible error. *Smets v. Department of the Navy,* 117 M.S.P.R. 164, ¶ 11 (2011), *aff'd,* 498 F. App'x 1 (Fed. Cir. 2012).

Here, the administrative judge struck the appellant's affirmative defenses because she found that the appellant's responses to the agency's discovery requests did not substantially comply with her order. IAF, Tab 21. The record

---

[4] On review, the appellant reiterates his assertions that he was bullied and harassed and treated unfairly by agency management. PFR File, Tab 1 at 4. He specifies that his supervisors falsified his performance appraisals, placed him on a performance improvement plan, and denied him promotions in reprisal for the equal employment opportunity complaints and grievances that he filed. *Id.* We find it unnecessary to address the merits of his claims, which were also raised below, because we discern no abuse of discretion in the administrative judge's imposition of a sanction and his vague allegations, without any evidentiary support, are insufficient to satisfy his burden.

reflects that the appellant provided inadequate responses to the agency's discovery requests on multiple occasions, despite a warning from the administrative judge that his noncompliance could result in the striking of his affirmative defenses. IAF, Tab 9 at 27-33, Tab 12 at 4-10, Tab 14 at 2, Tab 19 at 4-20. Thus, it was within the administrative judge's discretion to impose this sanction under the circumstances.[5]

The appellant's remaining arguments are unavailing.

On review, the appellant asserts, for the first time, that there were eight unidentified employees who were suspended, not removed, for misconduct similar to his, including making statements that they were going to kill their supervisors or others, causing altercations, stealing, and using Facebook to intimidate private citizens. PFR File, Tab 1 at 4-5. The Board generally will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence. *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980). Even if we were to consider this claim, the appellant does not provide any evidence as to the circumstances surrounding those purported incidents, including the sustained charges, the employees' positions, or other specific

---

[5] We recognize that the Board has generally discouraged the striking of affirmative defenses as a sanction for failure to comply with an order when the same result might be achieved by prohibiting the appellant from presenting evidence supporting those defenses. *Simon v. Department of Commerce*, 111 M.S.P.R. 381, ¶ 14 (2009). However, even if the administrative judge abused her discretion in striking the appellant's affirmative defenses, and should have instead prohibited the appellant from putting on evidence in support of any affirmative defense to which he had not provided discovery responses, 5 C.F.R. § 1201.43(a)(2), the imposition of the lesser sanction would not have compelled a different result. Here, the appellant did not present any factual allegations which, if taken as true, support his affirmative defenses; thus, he would have failed to meet his burden of proof regarding those affirmative defenses if, instead of striking the defenses, the administrative judge had precluded the presentation of hearing testimony regarding the affirmative defenses. The appellant has not shown that any abuse of discretion prejudiced his substantive rights. *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984).

circumstances.[6] Moreover, the deciding official testified that she considered the consistency of the penalty with those imposed upon other employees for the same or similar offenses but concluded that removal was the appropriate penalty. HT at 80; IAF, Tab 4 at 45. Thus, even if we were to consider it, we find that the appellant has not shown that the eight unidentified employees are valid comparators for the purposes of the appellant's disparate penalty claim. *See Voss v. U.S. Postal Service,* 119 M.S.P.R. 324, ¶ 6 (2013) (finding that to establish disparate penalties, the appellant must show that the charges and the circumstances surrounding the charged behavior in his case are substantially similar to those in the comparator's case).

The appellant contends that the administrative judge was biased because she ruled against him at each step of his case. PFR File, Tab 1 at 5. In making a claim of bias or prejudice against an administrative judge, a party must overcome the presumption of honesty and integrity that accompanies administrative adjudicators. *Oliver v. Department of Transportation*, 1 M.S.P.R. 382, 386 (1980). An administrative judge's conduct during the course of a Board proceeding warrants a new adjudication only if her comments or actions evidence "a deep-seated favoritism or antagonism that would make fair judgment impossible." *Bieber v. Department of the Army*, 287 F.3d 1358, 1362-63 (Fed. Cir. 2002). The appellant has not identified any conduct by the administrative judge that would reflect antagonism or favoritism, nor has he raised any allegations that would support a finding of bias. That an administrative judge ruled against the appellant is insufficient evidence to show bias. *Coufal v. Department of Justice*, 98 M.S.P.R. 31, ¶ 11 (2004). Thus, we find that the appellant has not overcome the presumption of honesty and integrity that accompanies an administrative judge.

---

[6] There is no indication in the record that during the discovery process the appellant requested that the agency provide the decision letters for other employees.

The appellant argues that, as opposed to her treatment of the agency, the administrative judge did not allow him to call any witnesses. PFR File, Tab 1 at 5. On the contrary, the administrative judge approved the appellant and two of his witnesses as joint witnesses. IAF, Tab 39 at 3. At the hearing, the appellant did not testify in support of his appeal and engaged in limited cross-examination of the parties' joint witnesses. HT at 35-38, 58.

Below, the appellant objected to the administrative judge's decision not to approve the other witnesses he had requested. IAF, Tab 39 at 3 & n.3, Tab 42 at 4; HT at 102. In a motion objecting to her rulings in the prehearing conference, the appellant asserted that the testimony of the American Federation of Government Employees (union) vice president and an Immigration and Customs Enforcement (ICE) agent was critical for his case. IAF, Tab 42 at 4. He noted that the union vice president sat in every grievance meeting held with his former managers at the agency and that he could testify regarding "the misuse of official position by [a]gency officials, including [the USCIS Deputy] and [the OPQ Chief]." *Id.* In addition, he noted that the ICE agent contacted him the day after his phone call to the FBI National Threat Operations Center and that he "took an assessment to find a threat was not made by [him]." *Id.* The agency filed a motion in opposition, stating that the identified witnesses were not mentioned in any of the appellant's responses to the agency's discovery requests and his deposition testimony. IAF, Tab 43 at 4-6. The agency opined that any relevant knowledge that the union vice president had was already reflected in the appellant's reply to the proposed removal and that the ICE agent did not have any relevant knowledge because he was neither involved in the removal action nor the subject of the appellant's statements of workplace violence. *Id.* at 5-6. After reviewing the parties' motions, the administrative judge issued an order in which she noted the appellant's objections and comments for the record but denied and overruled them. IAF, Tab 44. She did not provide her reasons for doing so. *Id.* She also declined to reconsider her prior rulings. *Id.*

The appellant has not persuaded us that the administrative judge abused her discretion in disallowing the testimony of the ICE agent and the union vice president. In the Order and Summary of Telephonic Prehearing Conference, the administrative judge identified the issues to be adjudicated as whether the agency proved its charge of improper conduct, nexus, and the reasonableness of the penalty. IAF, Tab 39. Although the ICE agent would purportedly testify as to whether the appellant made a threat, the administrative judge specifically observed that intent is not an element of the charge and that it is irrelevant to whether he engaged in the charged misconduct. *Id.* at 2-3. As for the union representative, he would purportedly have testified to issues beyond the scope of those identified in the Order and Summary of Telephonic Prehearing Conference. Thus, we discern no basis for concluding that the administrative judge's decision amounted to an abuse of discretion. *See Vaughn v. Department of the Treasury*, 119 M.S.P.R. 605, ¶ 12 (2013) (explaining that an administrative judge has wide discretion to control the proceedings, including the authority to exclude testimony he believes would be irrelevant, immaterial, or unduly repetitious); 5 C.F.R. § 1201.41(b)(8), (10).

Accordingly, we affirm the initial decision.

**NOTICE OF APPEAL RIGHTS**[7]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[7] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[8] The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals<br>
for the Federal Circuit<br>
717 Madison Place, N.W.<br>
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[8] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                    _____

                                 Gina K. Grippando
                                 Clerk of the Board

Washington, D.C.